IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOREN MARK MCKINNON, JR., | No. C 12-0081 WHA (PR) |
| Petitioner, | **ORDER STRIKING UNEXHAUSTED CLAIMS; TO SHOW CAUSE** |
| v. | |
| SUSAN HUBBARD, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. Respondent's motion to dismiss was granted on the grounds that the second and fourth claims were not exhausted was granted. Petitioner was directed to choose from three possible courses of action: (1) dismiss this petition with an eye to exhausting his unexhausted claims and then filing another federal petition; (2) amend the petition to dismiss the unexhausted claims, and proceed with the two issues that are exhausted; or (3) ask for a stay of this case while he returns to state court to attempt to exhaust the second and fourth claims, and then, if unsuccessful in state court, return here and ask that the stay be lifted.

Petitioner filed a motion for a stay but had not made the requisite showing of good cause for failing to exhaust the claims sooner and that he has not engaged in "dilatory litigation tactics." See *Rhines v. Weber*, 544 U.S. 269, 277-79 (2005). On January 22, 2013, he was

allowed a second opportunity to make that showing within thirty days, but he has not done so. As he was cautioned, therefore, the two unexhausted claims (Claims 2 and 4 in the petition) are **STRICKEN** from the petition. Responded is ordered to show cause why the petition should not be granted based on the exhausted claims 1 and 3, as follows:

    1. Respondent shall file with the court and serve on petitioner, within **91 days** the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims 1 and 3 in the petition. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **28 days** of the date the answer is filed.

    2. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May __, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\MCKINNON0081.OSC2.wpd

2